Andrew S. Lishko, Esq. (SBN 033136)
Danika Marzillier, Esq. (SBN 037901)
**MAY, POTENZA, BARAN & GILLESPIE, P.C.**
1850 N. Central Avenue, Suite 1600
Phoenix, AZ 85004-4633
Telephone:   (602) 252-1900
Facsimile:    (602) 252-1114
Email:   alishko@maypotenza.com
            dmarzillier@maypotenza.com

*Attorneys for Defendants Kyle R. Scott, Richard K. Murray, Axcent, LLC, and Endeavor 4, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Customers Bank,<br>    Plaintiff,<br><br>vs.<br><br>Endeavor 1, LLC ; Endeavor AL, LLC ; Axcent LLC ; Endeavor 2, LLC ; Endeavor 3, LLC ; Endeavor 4, LLC ; Endeavor Development, LLC ; Oceanus, Inc. ; Richard K Murray ; Kyle R Scott ; Xilin Ding ; Yang Shao,<br>    Defendants. | Case No. 2:23-cv-00374-DWL<br><br>**MOTION FOR REMAND**<br><br>(Assigned to Hon. Dominic W. Lanza) |

Defendants Kyle R. Scott, Axcent, LLC, and Endeavor 4, LLC (the "Scott Defendants") hereby object to the removal of the above-entitled action to the United States District Court for the District of Arizona and respectfully requests that this Court remand this action to the Arizona Superior Court in and for the County of Maricopa (the "Superior Court") and award their attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

Removal is appropriate because: (1) the Scott Defendants do not consent to removal, and removal requires the "unanimous consent" of defendants; (2) Defendant Yang Shao did not

obtain the consent of all then-served defendants prior to filing her Notice of Removal ("Notice"); and (3) removal of this action violates the Forum Defendant Rule.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Factual and Procedural Background

On January 17, 2023, Customer's Bank, a Pennsylvania corporation, filed this action in the Superior Court. (*See* Doc. 1-4). Defendants Endeavor 1, LLC; Endeavor AL, LLC; Endeavor 2, LLC; Endeavor 3, LLC; Endeavor 4, LLC; Endeavor Development, LLC; Kyle R. Scott, and Richard K. Murray are all citizens of Arizona. (Doc. 1 at ¶¶ 3–9, 11–12).

Defendant Richard K. Murray was served in this action on February 6, 2023. (Doc. 1-6); (*see also* Declaration of Richard K. Murray [hereinafter "Declaration"], attached hereto as **Exhibit A**, at ¶ 4). Plaintiff filed the Affidavit of Service on February 23, 2023. *See* Ex. B.

On February 27, 2023, Defendant Yang Shao filed the Notice in this Court, citing diversity of citizenship as the sole basis of jurisdiction. (Doc. 1 at Section B) (citing 28 U.S.C. § 1332(a)(3)). The coversheet filed with the Notice identified that both Defendant Yang and Murray had been served on February 6, 2023, and included a copy of the affidavit of service of Murray. (*See* Doc 1-2 at ¶ 4 and Doc. 1-6).

Although the Notice acknowledged that Murray had been served, Yang did not ask Murray whether he would consent to removal before filing the Notice. Ex. A at ¶ 5.

Counsel for the Scott Defendants accepted service of the pleadings on their behalf on April 6, 2023.

### II.    Legal Argument

There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This Court should remand this action to the Superior Court for three reasons: (1) all the defendants in this action do not unanimously consent to removal; (2) the Notice is improper as it lacks unanimous consent of all served defendants at the time of filing;

and (3) removal violates the Forum Defendant Rule. [1]

First, the Scott Defendants hereby object to removal. Any defendant may remove an action from state court to the federal court "embracing" the state court in which the action is pending, so long as all defendants unanimously consent to the removal. 28 U.S.C. §§ 1441, 1446(b)(2)(A). A defendant who is served following removal of an action to federal court has the right to move to remand the action to state court after making his appearance in the action. 28 U.S.C. § 1448; *Deversey, Inc. v. Maxwell*, 798 F. Supp. 2d 1004, 1007 (E.D. Wis. 2011).

The Scott Defendants, who were served after Yang filed her Notice, hereby objects to removal of this action. Because the Scott Defendants object to removal, the necessary "unanimous consent" requirement for removal fails.

Second, Yang's Notice was improper when filed because she did not obtain the consent of all then-served defendants. Under 28 U.S.C. § 1446(b)(2)(A), removal requires the unanimous consent of all defendants who have been properly joined and served in the action. At the time the Notice was filed, Defendant Murray had been properly served. Yang did not obtain Murray's consent to remove the case to federal court prior to filing the Notice. Nor does the Notice make any mention of obtaining consent, or attempts to obtain consent, from Murray, despite acknowledgement in the Notice and its exhibits that Murray had been served. The Notice is therefore improper, and the case should be remanded.

Finally, removal is improper in this instance because it violates the Forum Defendant Rule. Under the Forum Defendant Rule, a case may not be removed to federal court on the basis of diversity jurisdiction if any defendant in the action is a citizen of the state in which the case was

---

[1] The Notice is also procedurally deficient because it does not contain an "affirmative statement that a copy of the notice has been filed with the clerk of the state court from which the action or prosecution has been removed." *See* LR Civ 3.6(a). Defendant Yang did not file a copy of the Notice in the Superior Court until March 20, 2023. *See* The Judicial Branch of Arizona, Maricopa County "Civil Court Information – Case History" *available at* http://www.superiorcourt.maricopa.gov/docket/civilcourtcases/caseInfo.asp?caseNumber=CV2023-000859 .

initially filed. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if **any** of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.") (emphasis added).

Here, Shao removed this case from the Arizona Superior Court to the Arizona District Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. However, at least Endeavor 2, LLC, Endeavor 3, LLC, Endeavor 4, LLC, Endeavor Development, LLC, Kyle R. Scott, and Richard K. Murray are residents and citizens of Arizona. Therefore, multiple defendants who are parties to this action are citizens of the state in which this action was initially filed, and removal is barred by the Forum Defendant Rule.

This Court has the authority to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As stated by the U.S. Supreme Court, the "standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

This Court has found that a defendant lacks an objectively reasonable basis for removal efforts when the removing party's position is directly foreclosed by its own briefing. *See Christian Relief Servs. Charities Inc. v. Silktree Investments LLC*, 2019 WL 927026 *3–4 (D. Ariz. Feb. 26, 2019) (awarding attorneys' fees and costs where the defendant's briefing cited cases that confirmed removal was inappropriate).

Here, Yang's filing of the Notice is objectively unreasonable because the Notice itself is patently defective, and a cursory review of the statute's removal requirements would have made this obvious. The Notice confirms that at the time it was filed, Defendant Yang was aware Murray had been served. Yet no efforts were made to seek his consent, or even acknowledge the basic requirements of the removal statute that all served defendants consent to removal. Further, the

Notice acknowledges that seven of the named defendants are Arizona residents, including the already-served Murray, in violation of the Forum Defendant Rule of the removal statute.

Because Yang supported her request for removal with information that unquestionably demonstrated removal was inappropriate under the statutes, her removal request is objectively unreasonable. The Scott Defendants request that this Court award their attorneys' fees and costs, and that this Court retain jurisdiction to consider any award of attorneys' fees and costs. *Id.*

### III.   Conclusion

For the foregoing reasons, the Scott Defendants respectfully request that this Court remand this action to the Superior Court of Arizona and award them their attorneys' fees and costs.

RESPECTFULLY SUBMITTED this 10th day of April, 2023.

**MAY, POTENZA, BARAN & GILLESPIE, P.C.**

By: s/*Andrew S. Lishko*
Andrew S. Lishko, Esq.
Danika Marzillier, Esq.
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants:

John G Sinodis
Matthew H. Sloan
Jennings Haug
2800 North Central Ave, #1800
Phoenix, Arizona 85004
jgs@jhkmlaw.com
mhs@jkmlaw.com
*Attorneys for Plaintiff*

I transmitted a copy via U.S. Mail to:

Yang Shao
524 E 14th Avenue
Naperville, IL 60563
*PRO SE*

/s/ *Elena Cordero*